UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                    Case No. 13-20350
                                                                      Honorable Victoria A. Roberts

MICHAEL NATHANIEL BROWN,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION
## FOR SENTENCE REDUCTION [ECF No. 51]

### I.      INTRODUCTION

Michael Brown ("Brown") asks the Court to grant him a sentence reduction

under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic and his medical

conditions, among other things. Brown is 73 years old and suffers from chronic

kidney disease (Stage 3), scarred lungs due to a previous COVID infection, lower

respiratory infection, hypertension, hyperlipidemia, atrial fibrillation, chronic

embolism and thrombosis of vein, and prostate cancer. He argues he no longer

poses a danger to the community and proposes living with his wife of nine years

Marshawn Wilkens.

The Court **GRANTS** Brown's motion.

### I.      BACKGROUND

On May 21, 2013, Michael Brown pled guilty to three counts: Count I —

Possession with Intent to Distribute 1 Kilogram or More Heroin in violation of 21

U.S.C. § 841(a)(1); Count II—Possession of a Firearm in Furtherance of a Drug

Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A); and Count III — Felon

in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).

The Court sentenced Brown to a mandatory sentence of 120 months on Counts I

and III to be served concurrently and a mandatory sentence of 60 months on Count

II to be served consecutive to the 120 months on Counts I and III.

Brown began serving his 180-month sentence on Feb 3, 2014. He is

incarcerated at FCI Butner in North Carolina. Brown has served approximately 90

months to date.

## II.    DISCUSSION

Motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) require a

"three-step" inquiry:

> (1) the Court must "find that extraordinary and compelling reasons
>
> warrant a sentence reduction";
>
> (2) the Court must "ensure that such a reduction is consistent with
>
> applicable policy statements issued by the Sentencing Commission"
>
> and;
>
> (3) finally, the Court must "consider all relevant sentencing factors
>
> listed in 18 U.S.C. § 3553(a)."

*United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). "If each of these requirements [is] met, the district court may reduce the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)." District courts have "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

### A. Brown Exhausted Administrative Remedies

Before an incarcerated person can move for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), "[t]hey must 'fully exhaust[ ] all administrative rights' or ... wait for 30 days after the warden's 'receipt of [their] request.' " *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). On July 9, 2020, Brown applied for compassionate release. The Warden denied his motion on July 30, 2020. The government concedes he exhausted his administrative remedies. [ECF No. 54, PageID.555]. The Court agrees.

### B. Extraordinary and Compelling Reasons Exist

Brown says extraordinary and compelling reasons exist for his release since he is at high risk of severe illness if he contracts COVID-19 due to his age and medical conditions.

The government largely concedes that Brown's age and medical conditions do place him at increased risk but contends that because he is fully vaccinated, he is no longer at risk. The government also argues that Brown's medical conditions

3

are all stable and the BOP is effectively treating each of his conditions with medication.

Although Brown is fully vaccinated, the Court finds that Brown's combination of CDC-recognized medical conditions does place him at increased risk of severe illness if he contracted COVID again. Among other ailments, Brown suffers from prostate cancer, chronic kidney disease, hypertension and is likely immunocompromised. According to the Centers for Disease Control and Prevention ("CDC") each of those conditions increases an individual's risk of hospitalization, intensive care and death if he contracts COVID-19. *See* People with Certain Medical Conditions, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

While the possibility of a COVID reinfection is significantly diminished for a fully vaccinated individual like Brown, the risk is not extinguished. *See* https://www.cdc.gov/mmwr/volumes/70/wr/mm7013e3.htm. Due to the prevalence of the Delta variant, the CDC now recommends that people who are "moderately to severely immunocompromised should receive an additional dose of the Pfizer-BioNTech COVID-19 vaccine after the initial 2 doses." COVID-19 Vaccines for Moderately to Severely Immunocompromised People, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019ncov/vaccines/recommendations/immuno.ht

4

ml (last accessed August 24, 2020). The CDC concluded that recent "studies indicate some immunocompromised people don't always build the same level of immunity after vaccination the way non-immunocompromised people do and may benefit from an additional dose to ensure adequate protection against COVID-19." It explained that "fully vaccinated immunocompromised people have accounted for a large proportion of hospitalized 'breakthrough cases.'" *Id*.

Additionally, Brown's July 13, 2021 medical assessment describes his prostate condition as malignant neoplasm of prostate. [ECF No. 57-1 *SEALED*, PageID.592]. A malignant neoplasm is a cancerous tumor which could spread to nearby tissue. *See* National Institute of Health, https://www.cancer.gov/publications/dictionaries/cancer-terms/def/neoplasm.

Because of the continued risk COVID presents to an immunocompromised individual without a third dose of the Pfizer-BioNTech COVID-19 vaccine, the Court finds Brown's medical conditions extraordinary and compelling.

### C. Section 3553(a) Factors

The Court must consider whether any applicable 18 U.S.C. § 3553(a) factors warrant a sentence reduction. *Jones*, at 1112.

The nature and circumstances of Brown's offense are serious. At age 63 Brown admitted to selling over 5 kilograms of heroin. His criminal history demonstrates a long pattern of drug related criminal conduct, including robberies,

gun crimes and drug abuse.

However, the Court is also cognizant of its responsibility to impose a sentence sufficient but no greater than necessary to comply with the purposes of sentencing. The Court sentenced Brown to 180 months – the lowest possible sentence given the mandatory minimums and consecutive sentence requirement. At the time of sentencing, the Court remarked that it "believes that [this] time is really more than sufficient but because they are mandatory minimum sentences the Court has no choice and must impose the sentences." [Sentencing Transcript pg. 10].

Brown has served 7 years and 6 months in prison - approximately 50% of his sentence. He is 73 years old. Research suggests that as defendants age the likelihood of recidivation decreases. *See* 2017 United States Sentencing Commission, The Effects of Aging on Recidivism Among Federal Offenders (report concluded that "older offenders were substantially less likely than younger offenders to recidivate following release."). The BOP categorized Brown as a low risk of recidivism. Brown has had no disciplinary issues while in custody. If released he intends to live in Detroit with his wife.

Upon consideration of the 18 U.S.C. § 3553(a) factors, the Court concludes that Brown's seven and a half years in prison is sufficient to satisfy the purposes of sentencing.

The Court **GRANTS** Brown's motion for sentence reduction [ECF No. 51]

and **REDUCES** Brown's term of prison to **TIME SERVED**.

The following are Brown's conditions of supervised release and supervision:

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **5 years on Count 1; 3 years on Counts 2 and 3, to be served concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold,

7

used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14) the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program approved by the Probation Department for substance abuse which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol. If necessary.

The defendant shall not use or possess alcohol in any consumable form, nor shall the defendant be in the social company of any person whom the defendant knows to be in possession of alcohol or illegal drugs, or frequent an establishment where alcohol is served for consumption on the premises, with the exception of restaurants.

The defendant is prohibited from engaging in any gambling activity, games of chance, lotteries or wagering of any kind, including computer gambling and stock trading, and from being in the presence of anyone engaging in this activity.

As directed by the probation department, the defendant shall attend Gamblers Anonymous (GA) meetings and provide verification of participation, if necessary.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 26, 2021